IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00284-WYD-KLM

MARIA ALVARADO, and
ELOY CHAVEZ,

    Plaintiff,

v.

SEARS, ROEBUCK AND COMPANY, a New York corporation,

    Defendant.
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant Sears, Roebuck and Company's Motion to Strike Plaintiffs' Expert Disclosures Pursuant to the Court's Scheduling Order and D.C.Colo.LCivR 16.1** [Docket No. 18; Filed August 18, 2008] (the "Motion to Strike") and **Plaintiffs' Motion to Modify Scheduling Order to Increase the Number of Non-Retained Expert Witnesses Disclosed Pursuant to Fed. R. Civ. P. 26(a)(2)(A)** [Docket No. 22; Filed September 8, 2008] (the "Motion to Amend"). The Court has reviewed the Motions, Plaintiffs' Response to the Motion to Strike [Docket No. 21; Filed September 8, 2008], the entire case file and applicable case law and is sufficiently advised in the premises.

Defendant requests that the Court strike six of the experts designated by Plaintiffs in their expert disclosures. *Motion to Strike* [#18] at 3. As grounds, Defendant argues that the Scheduling Order entered on March 26, 2008 [Docket No. 9] limits the parties to

1

designating four expert witnesses without leave of the Court. *Id.* at 1. Defendant contends that Plaintiffs' expert disclosures designated nine treating physicians as non-retained experts and one retained expert, for a total of ten experts designated. *Id.* at 2. Plaintiffs do not dispute that they have designated more experts than allowed by the Scheduling Order, but state that it was their mistaken belief that the limitation on expert witnesses contained in the Scheduling Order applied only to retained expert witnesses. *Response* [#21] at 1. Plaintiffs argue that their disclosed experts, both retained and non-retained, are necessary and non-cumulative. *Id.*

Therefore, in their Motion to Amend, Plaintiffs request leave to amend the Scheduling Order to allow for the designation of thirteen experts. *Motion to Amend* [# 22] at 1. Numerous courts have noted, and I agree, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See, e.g.,Washington v. Arapahoe County Dept. Of Social Services*, 197 F.R.D. 439, 441 (D.Colo. 2000) (citations omitted). Pursuant to Fed. R. Civ. P. 16(b)(4), a scheduling order may be modified only upon a showing of good cause.

Plaintiffs argue that "[t]he parties to this action will not be negatively affected by the requested increase in the number of Expert Witnesses. The Defendant has known the identity of each and every of Plaintiffs' disclosed Treating Physicians since Plaintiff provided same in their initial disclosures. Further, the Defendant has been in receipt of all medical records pertaining to the Plaintiffs' pre and post accident care and treatment . . . ." *Motion to Amend* [#22] at 2. Plaintiffs further argue that they will be "severely prejudiced" if they are not allowed to designate their additional experts, as Plaintiff Maria Alvarado "has suffered injuries . . . which involve multiple parts of her body and which have necessitated

2

treatment with a number of different specialists. Plaintiffs has [sic] limited her Expert Disclosures to identifying select treating physicians who will each testify regarding their area of specialty and their specific care and treatment of the Plaintiff." *Id.* Accordingly, Plaintiffs request that the Court allow them to designate nine (9) non-retained experts, and four (4) retained experts. *Id.* Defendant apparently does not oppose this request, as Defendant has not timely filed a response to Plaintiff's Motion to Amend. Therefore, the Court finds that Plaintiffs have provided good cause to modify the Scheduling Order.

Accordingly, IT IS HEREBY **ORDERED** that **Defendant Sears, Roebuck and Company's Motion to Strike Plaintiffs' Expert Disclosures Pursuant to the Court's Scheduling Order and D.C.Colo.LCivR 16.1** [Docket No. 18; Filed August 18, 2008] is **DENIED**.

IT IS FURTHER **ORDERED** that **Plaintiffs' Motion to Modify Scheduling Order to Increase the Number of Non-Retained Expert Witnesses Disclosed Pursuant to Fed. R. Civ. P. 26(a)(2)(A)** [Docket No. 22; Filed September 8, 2008] is **GRANTED**. Plaintiff is permitted to designate nine (9) non-retained expert witnesses and four (4) retained expert witnesses.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: September 30, 2008